UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kevin D. Hall

    v.                                                 Civil No. 08-cv-176-JL

Cheshire County, et al.[1]

**REPORT AND RECOMMENDATION**

Before the Court is Kevin Hall's complaint (document nos. 1 and 13)[2], filed pursuant to 42 U.S.C. § 1983, seeking monetary damages for alleged violations of his constitutional rights by the defendants. As Hall is a prisoner proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted or whether Hall seeks

---

[1]Cheshire County is the only defendant listed in the caption of the complaint. Liberally construing the complaint, however, I find that Hall intended to name Barbara A. Hogan, Clerk of the Cheshire County Superior Court, Cheshire County Attorney William Albrecht, and New Hampshire Superior Court Judge Sullivan as defendants to this action. I will consider this complaint to have named these defendants for all purposes.

[2]Hall has filed a complaint (document no. 1) and an addendum to the complaint (document no. 13). Both of these documents will be considered, in the aggregate, to be the complaint in this matter for all purposes.

monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915A; United States District Court District of New Hampshire Local Rule 4.3(d)(2)(A).  For the reasons explained herein, I recommend dismissal of this action in its entirety.

## Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  Id.  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of

claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true." This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Kevin Hall is presently incarcerated at the Sing Sing Correctional Facility in Ossining, New York. He has previously been incarcerated in a number of New Hampshire county and state correctional institutions. This action arises out of incidents allegedly occurring while Hall was confined at the Cheshire County House of Corrections, during Hall's Cheshire County Superior Court criminal trial, and stemming from the administration of the estate of Hall's mother after her March 2007 death.

Hall's complaint, and the exhibits addended thereto, include significant detail describing each allegation made by Hall, as well as a great deal of biographical information about Hall. For

purposes of clarity, however, I will summarize the factual claims made by Hall, and discuss only the specifics of each claim as they are relevant to my consideration of and recommendations in this matter.

### Discussion

I.  The Claims

In his complaint, Hall sets out eleven separate counts as grounds for relief. These claims fall, essentially, into three categories, as listed below:

A.  Claims Alleging Failure to Issue a Writ

Hall states that he has attempted, since 1998, to file lawsuits in the Cheshire County Superior Court, but on a number of occasions has not been provided with the writ necessary to initiate his action. Specifically, Hall sought to sue: (1) several Cheshire County Department of Corrections employees for falsifying information and testimony against Hall in order to deprive him of his rights, (2) Cheshire County Attorney William Albrecht for maliciously prosecuting Hall, (3) Albrecht, again, for seeking to have an illegal sentence imposed on Hall, (4) Douglas Ross, Hall's stepfather, for improperly managing Hall's mother's estate and depriving Hall of rights he holds as a

beneficiary of the estate, (5) Hall's sister, Christina O'Brien, for conspiring with Ross to deprive Hall of his rights as a beneficiary to his mother's estate, and (6) Attorney Howard Lane, the attorney for Hall's mother's estate, for abrogating his duty to protect Hall's interests as a beneficiary of his mother's estate.  In each case, Hall claims that he sought the issuance of a writ in the Cheshire County Superior Court, but Barbara Hogan, the Clerk of Court did not issue the writ, depriving him of his right to meaningful access to the courts.[3]

### B.   Claims Alleging Failure to Criminally Prosecute

As a result of their misdeeds, Hall claims that a number of individuals who have wronged Hall should have been prosecuted criminally by Cheshire County Attorney William Albrecht. Specifically, Hall states that: (1) Albrecht refused to prosecute three corrections officers who had provided false evidence and testimony against Hall, (2) Albrecht refused to prosecute

---

[3] In addition to alleging a denial of access to the courts, Hall states, in conclusory fashion, that the denial of a writ by Hogan denied him the equal protection of the laws.  It appears that Hall intended to allege that he was denied due process of law, not equal protection, as he makes no allegation stating or implying that he was discriminated against as a member of a protected class of people.  This, however, is a distinction without a difference, as I recommend the dismissal of these claims on the basis of judicial immunity.

corrections officers who had intentionally endangered Hall by providing him with razors and placing him into a crumbling cell at a time when Hall was injuring himself with sharp objects and items he could rip from his cell, (3) Albrecht refused to prosecute Ross for committing numerous state and federal crimes against Hall and Hall's mother's estate, and (4) Albrecht refused to prosecute O'Brien for assisting Ross in his criminal activities.[4]

    C.    <u>Claim Challenging Trial Court's Dismissal of Charges</u>

Hall complains that the New Hampshire Superior Court judge presiding over his trial erroneously dismissed the criminal charge against him mid-trial, after Albrecht sought to nolle prosequi the charge. Hall claims that the Court's dismissal of the charges against him violated his Sixth Amendment right to trial.

---

[4] To support his failure to prosecute claim, Hall erroneously refers to a denial of his rights as a victim of crime, to a deprivation of the equal protection of the laws. I recommend dismissal of these claims on the basis of prosecutorial immunity, however, and therefore I will not address the specific constitutional deprivations Hall alleges attended Albrecht's failure to prosecute.

II. Judicial Immunity

Judges have absolute immunity from a suit for monetary damages for harm allegedly incurred as a result of their judicial acts. See Stump v. Sparkman, 435 U.S. 349, 359 (1978). "This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding or how malicious the motive." Beck v. Plymouth County Super. Ct., 511 F. Supp. 2d 203, 206 (D. Mass. 2007) (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989). This immunity applies to any judge or judicial officer, including a judge's clerk. See Slotnick v. Staviskey, 560 F.2d 31, 32 (1st Cir. 1977) (holding that absolute immunity applies to judge's clerk). Absolute immunity applies to any normal and routine judicial act committed within the Court's jurisdiction. See Stump, 435 U.S. at 359.

Here, Hall alleges that he was denied writs by the Cheshire County Superior Court Clerk, and that he was denied his right to trial by the Superior Court judge's dismissal of his criminal case. Both of these allegations attempt to assert a claim that Hall's rights were violated by Cheshire County Superior Court judicial officers acting well within their jurisdiction in

conducting acts of a judicial nature: issuing writs and deciding a motion to dismiss.  Accordingly, both the Superior Court judge and clerk are absolutely immune from this suit, and I recommend dismissal of the claims alleging denial of a writ and the claim alleging improper dismissal of criminal charges on that basis.

II.  Prosecutorial Immunity

"Prosecutors are immune from litigation for those activities closely related to the judicial phase of criminal proceedings for actions that are within the scope of their prosecutorial duties." Beck, 511 F. Supp. 2d at 206 (citing Imbler v. Pachtman, 424 U.S. 409, 420 (1976)).  The decision whether or not to initiate a prosecution is an activity closely related to the judicial phase of criminal proceedings, and is well within the scope of a prosecutor's duties.  See Imbler, 424 U.S. at 430.

Hall claims a violation of his constitutional rights on the basis that Albrecht failed to criminally prosecute three Cheshire County corrections officers, as well as Ross and O'Brien.  As explained above, the decision not to prosecute is one that is shielded from legal challenge by prosecutorial immunity, and I recommend dismissal of the failure to prosecute claims on that basis.

Conclusion

As I have found that all of the claims alleged seek monetary relief against defendants who are immune from such relief, I recommend dismissal of this action in it's entirety.  See LR 4.3(d)(1)(B)(i).  Any objections to this Report and Recommendation must be filed within ten days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:   October 14, 2008

cc:     Kevin D. Hall, pro se